CHARLES H. McCARTHY, Appellant, *v.* CHARLES W. CULKIN, as Sheriff of New York County, Respondent.

(Submitted June 6, 1930; decided July 8, 1930.)

*Borris M. Komar* for appellant. Section 961 of the Civil Practice Act, unless limited to levies made before

judgment, is clearly unconstitutional. (*Heath* v. *New York Building Loan Banking Co.*, 146 N. Y. 260; *Stannard* v. *Hubbel*, 123 N. Y. 520; *Foley* v. *Foley*, 15 App. Div. 403; *Pennoyer* v. *Neff*, 95 U. S. 714; *Cooper* v. *Reynolds*, 10 Wall. 308; *Helme* v. *Buckelew*, 229 N. Y. 363; *Dimmerling* v. *Andrews*, 236 N. Y. 43; Civ. Prac. Act, § 520; *Gillig* v. *Treadwell Co.*, 148 N. Y. 177; *Van Camp* v. *Searle*, 147 N. Y. 150; *Pach* v. *Gilbert*, 124 N. Y. 612; *Clark* v. *Smith*, 57 App. Div. 524.) No questions of preference arise between the attachments or between the first attachment and plaintiff's execution. (*People* v. *St. Nicholas Bank*, 41 App. Div. 313; *First Nat. Bank* v. *Reinitz*, 4 N. Y. Supp. 801; *Schieb* v. *Baldwin*, 22 How. Pr. 278; *Cahill* v. *Broadwell Productions, Inc.*, 190 N. Y. Supp. 225; *William* v. *Mellor*, 12 Colo. 1; *Mann* v. *Roberts*, 11 Lea [Tenn.], 57; *Cook* v. *Clemens*, 87 Ky. 566.) The legal doctrine of dormant process is applicable to warrants of attachment by virtue of section 960 of the Civil Practice Act. (*Storm* v. *Woods*, 11 Johns. 110; *Ross* v. *Jones*, 89 U. S. 576; *Jones* v. *City of Albany*, 151 N. Y. 233; *People* v. *Palmer*, 109 N. Y. 110; *Penoyer* v. *Kelsey*, 150 N. Y. 77; *Peck* v. *Tiffany*, 2 N. Y. 251.)

*John Caldwell Myers* and *John F. Keating* for respondent. The first attachment, because of its prior delivery to the sheriff, is superior to plaintiff's attachment or execution. (*Pach* v. *Gilbert*, 124 N. Y. 612; *Gillig* v. *Treadwell*, 148 N. Y. 177.) The lien of the first attachment was not destroyed by inaction. (*Prentiss* v. *Greene*, 193 App. Div. 672; *Butler* v. *Maynard*, 11 Wend. 548; *Doty* v. *Turner*, 8 Johns. 20; *Appleton* v. *National Park Bank*, 211 App. Div. 708; 231 N. Y. 561.)

LEHMAN, J. The plaintiff on the 24th day of July, 1928, obtained a judgment for the sum of $26,115.42 against the Banque de Commerce de L'Azoff Don, a banking corporation organized under the laws of Russia and not doing business in the State of New York. In

that action a warrant of attachment was issued directed to the defendant as Sheriff of New York county on April 17th, 1928. He served a certified copy of the attachment on the National Bank of Commerce of New York. That bank was indebted to the foreign bank, the defendant in the attachment action, in the sum of $26,615.42. Execution was issued upon the judgment thereafter obtained in the attachment action, and the Sheriff collected from the National Bank of Commerce the amount it owed to the foreign bank. He has refused to pay that sum to the plaintiff. This action is brought to recover the damages caused by his refusal.

The complaint assumes to set forth the grounds upon which that refusal was based. The warrant of attachment in the plaintiff's action was delivered to the Sheriff more than eight years after a warrant of attachment was delivered to the Sheriff of the county of New York in an action against the same defendant, in which one M. Sergey Friede was plaintiff. The question presented under the allegations of the complaint is whether the plaintiff's warrant of attachment is junior to any rights acquired under the warrant of attachment in the Friede action.

It appears from the allegations of the complaint that at the time the Sheriff received the warrant of attachment in the plaintiff's action, no levy had been made by the Sheriff in the Friede action upon the sum due from the National Bank of Commerce. If the time had not yet elapsed in which a valid and effective levy could be made under the warrant of attachment in the Friede action, then undoubtedly under the provisions of sections 960 and 961 of the Civil Practice Act, the Sheriff, levying upon the bank account, was required to " take the same proceedings as if the levy was made under the first warrant," i. e., the warrant in the Friede action which he had received many years before.

Judgment had been entered in the Friede action two years before the Sheriff received the warrant of attach-

ment in the plaintiff's action. In *Lynch* v. *Crary* (52 N. Y. 181) this court decided that the power to levy an attachment does not survive the recovery of judgment in the action. "Its power was then spent so far that no new right or interest in the property of the defendants could be acquired under it."

We have stated that the defendant against whom the warrants of attachment was directed is a foreign banking corporation not doing business in this State. It appears from the allegations of the complaint that the summons in the Friede action was served otherwise than personally and the defendant did not appear in the action. Under the provisions of section 520 "the judgment can be enforced only against the property which has been levied upon by virtue of a warrant of attachment at the time when the judgment is entered." Such a judgment is in effect a judgment *in rem*, directed against property upon which levy has been made before judgment is rendered. The court has acquired no jurisdiction over the person of the defendant, and has jurisdiction only over his property in the State which " is brought under the control of the court, and subjected to its disposition by process adapted to that purpose, or where the judgment is sought as a means of reaching such property or affecting some interest therein; in other words, where the action is in the nature of a proceeding *in rem*." .A judgment which proceeds beyond this jurisdiction of the court as determined at the time it is rendered is not in accord with due process of law. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Dimmerling* v. *Andrews*, 236 N. Y. 43.)

Section 961 of the Civil Practice Act provides that " where a second warrant against the same defendant is delivered to the same sheriff, he must execute it by a levy upon property within his county, and he must thereupon take the same proceedings as if the levy was made under the first warrant." Here the power to levy under the warrant of attachment in the Friede action so that new rights might be acquired thereunder was spent when judgment

in that action was rendered. The Legislature could not restore that power nor make the judgment in the Friede action enforceable out of property over which the court had not acquired control at the time of the judgment. We find no suggestion under a fair construction of the statute that the Legislature attempted to exceed the constitutional limits of its powers. When the Legislature provided for preferential rights arising under two or more warrants of attachment it was merely apportioning rights which might otherwise conflict. If the Sheriff levied under the warrant in the Friede action after the judgment, the levy would have created no new rights in the judgment creditor. Though the Legislature provided that upon a levy made after a second warrant was delivered to the Sheriff directed against the same defendant, the Sheriff must " take the same proceedings as if the levy was made under the first warrant," it is plain that the Legislature did not intend to make rights derived from the second warrant junior to rights which could not arise from a levy made under the first warrant. If they did intend to enlarge the scope of a judgment *in rem* where the court had acquired no jurisdiction over the person of the defendant they exceeded their constitutional powers.

We have considered only the application of section 961 of the Civil Practice Act where the first warrant was issued in an action where a judgment has been entered which can be satisfied only out of property upon which levy had been made at the time of the judgment. We are not now called upon to decide its application under other circumstances.

· The judgment of the Appellate Division and that of the Special Term should be reversed and defendant's motion for judgment on the pleadings denied, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.