In the Matter of Supplementary Proceedings: RALPH PILOSSOPH, Trading under the Firm Name and Style of NEOSTYLE MFG. Co., Judgment Creditor, *v.* HYMAN E. ATTIE and SAUL ASHKENAZIE, Individually and as Co-partners Trading under the Firm Name and Style of A. LINEN OUTLET Co., Judgment Debtors.

City Court of New York, New York County, Special Term, July 22, 1942.

*Mathias Naphtali,* for the plaintiff.

*Nachamie & Benjamin* [*J. H. Siskin* of counsel], for the third party.

COLEMAN, J. This is a motion by a third party served with a subpœna in supplementary proceedings to vacate the subpœna on the ground that the judgment upon which the proceedings are based was one *in rem* obtained after the issuance of a warrant of attachment against the judgment debtors, non-residents, who were not served within the State and who did not appear in the action. The judgment creditor agrees that before 1935 when article 45 of the Civil Practice Act dealing with supplementary proceedings was rewritten substantially (Laws of 1935, chap. 630) such proceedings could be based only upon a judgment obtained after personal service or substituted service; the statute so provided. (Civ. Prac. Act, § 775; Laws of 1922, chap. 550; cf. *Matter of Maltbie* v. *Lobsitz Mills Co.*, 223 N. Y. 227.) No such qualification appears in the statute today which provides merely that " to entitle a judg ment creditor to maintain a special proceeding authorized by this article, the judgment must have been rendered in any sum by any court of this State." (Civ. Prac. Act, § 773.) It is upon this change in the statute — upon the omission from it of the qualifying provision as to personal service — that the judgment creditor relies.

If the ordinary canons of statutory construction were to apply, the position of the judgment creditor would be well taken, but in view of the radical difference between a judgment *in rem* and one obtained after personal service, this statutory omission cannot be regarded as a declaration on the part of the Legislature to wipe out that distinction. The characteristics of a judgment *in rem* are familiar. Such a judgment only binds property duly attached by warrant of attachment and only property attached up to the time of the entry of judgment. (Civ. Prac. Act, §§ 520, 912; *McCarthy* v. *Culkin*, 254 N. Y. 328.) It has no effect upon the person of the defendant. (*Pennoyer* v. *Neff*, 95 U. S. 714.) No body execution can issue against him and as I have said, an execution generally against his property after judgment would be without efficacy, the attachment having lost its force by the entry of judgment. (*Lynch* v. *Crary*, 52 N. Y. 181.) An action could not be commenced against the judgment debtor upon the judgment either in our own courts or elsewhere, as the classic judgment in *Pennoyer* v. *Neff* (*supra*) makes plain.

All this familiar learning would become obsolete if the contention of the judgment creditor should be sustained. But we cannot say that the amendment of the Civil Practice Act, " in a single sentence of sweeping, if indeterminate, application, has uprooted these established principles," (cf. *Helme* v. *Buckelew*, 229 N. Y. 363, 368), any more than we can attribute to the Legislature an intention so to amend the statute as to make it unconstitutional.

(*Panama R. R. Co.* v. *Johnson*, 264 U. S. 375; *St. Louis, S. W. R. Co.* v. *Arkansas*, 235 id. 350, 369.) For to the extent that the Legislature through the use of broad language attempted to authorize proceedings *in personam* entered upon a judgment *in rem*, " its act would necessarily be *brutum fulmen* in its result, and unconstitutional in its inception. (LEARNED HAND, J., in *Thorburn* v. *Gates*, 225 Fed. 613, 616, an analogous situation.)

It is plain that the methods of reaching a judgment debtor's property provided in article 45 are appropriate only to the enforcement of personal judgments. The article prescribes the several ways and means of proceeding to satisfy a judgment out of all property of the judgment debtor not exempt by law from execution, and it acts generally by compelling the judgment debtor in the first instance to make full disclosure as to his financial ability to pay. " The judgment creditor shall be entitled to an order for the examination of such judgment debtor concerning his property, income or other means for satisfying the judgment." (Civ. Prac. Act, § 775.) Such a statute can have no application to the satisfaction of a judgment which can be satisfied only out of specific property already *in custodia legis* and which was obtained in an action having as its only basis the presence of such property there. Perhaps a simple answer to the judgment creditor's contention is that in such a case there is no judgment debtor, only property of a debtor which may be applied toward the satisfaction of the judgment.

The court which rendered the judgment here never acquired jurisdiction over the persons of the judgment debtors and the judgment cannot be the basis of a proceeding to obtain payment out of their assets generally. The subpœna directed to the third party to compel him to disclose assets of the judgment debtors is invalid and the motion to vacate it is granted.