Thomas P. Farley, J.
The defendant, a foreign corporation not doing business in New York, served with process outside of that jurisdiction and appearing specially, moves ‘6 for an order vacating and annulling said warrant of attachment and the levy thereunder on the ground that the papers on which said warrant of attachment was granted do not contain sufficient evidence from which the Court can determine that the ultimate facts alleged in the complaint can be substantiated, and upon the further ground that no jurisdiction has been obtained over any res in that at the time of the service of the summons and complaint on defendant, a foreign corporation, personally outside the state there had been an attachment of any property of defendant; there had been an attachment of property on plaintiff’s premises, this property is not owned by defendant, and therefore more than thirty days having expired since the granting of the warrant of attachment and no jurisdiction having been obtained, the warrant of attachment should be declared null and void.”
The defendant further moves that if the court determines that the above-described attachment was proper, ‘1 an order should be granted striking from the complaint herein the last paragraph which starts with the word ‘ Wherefore ’ inasmuch as it seeks an in personam judgment in an action where there is no personal jurisdiction.”
According to the complaint, the parties entered into a written agreement dated May 2, 1955, pursuant to which the plaintiff was employed as sales representative in a specific territory for defendant’s products. It was there provided that the defendant should furnish the plaintiff with certain advertising material at defendant’s expense. It is such advertising material which was levied upon by the plaintiff in this action to recover damages in the sum of $4,610.90, with interest from August 13, 1957, for the defendant’s alleged breach of the aforesaid agreement in refusing to pay the plaintiff any part of the compensation allegedly due to it.
Although no third party has made any claim to the personal property levied upon, the defendant asserts that it does not own it; that in accordance with its practice the material was given outright to the plaintiff as sales representative; that when the plaintiff ceased acting as sales representative for the defendant, all of its property was removed from the plaintiff’s premises by the new sales representative appointed by the defendant; that according to a conversation with the Deputy Sheriff the property that was levied upon was ‘ ‘ practically worthless advertising material.”
*580 According to the plaintiff, however, the advertising material that was furnished it was at the defendant’s own expense and upon the termination of the relationship it was advised by the defendant that its new sales representative would remove the samples from plaintiff’s premises; that this property was never removed, and was subsequently levied upon as aforesaid.
There is no question that whatever personalty was levied upon consisted of advertising or sales material which the defendant had furnished to the plaintiff in accordance with the agreement of May 2,1955. According to the supporting affidavit sworn to January 25,1961 “ all property of defendant was removed from plaintiff’s premises by the new sales representative according to the plaintiff none of it was removed. It is clear that at •least part of it was not removed, i.e., that upon which the levy was made.
The conclusory statement in the affidavit of the defendant’s vice-president, sworn to June 28, I960, that “ any property in plaintiff’s possession which came from defendant was either purchased by plaintiff from defendant or given to plaintiff by defendant ’ ’, hardly establishes that the material levied upon as aforesaid was not in fact that which the defendant concededly had requested be turned over to its new sales representative. Such request was obviously made because the defendant owned such material. That it is of little or no value, even if true, does not, in this court’s opinion, affect the validity of the levy, although from a practical point of view it is of importance since any money judgment that may be obtained in this case will bind only the property that has been duly attached in this State. (McCarthy v. Culkin, 254 N. Y. 328.)
The motion to vacate the attachment and the levy is, accordingly denied.
Also denied is the alternative motion to strike from the complaint the prayer for a money judgment. The defendant overlooks the fact that under section 902 of the Civil Practice Act, a warrant of attachment is obtainable solely in an action for the recovery of “ a sum of money only ”, and any judgment that may be rendered herein, although in form in personam, will in substance be in rem, since the defendant was not served with process within this State, and has not made a general appearance so as to be personally bound. (Logan v. Greenwich Trust Co., 144 App. Div. 372, 376, affd. 203 N. Y. 611; Pennoyer v. Neff, 95 U. S. 714; Burg v. Winquist, 124 N. Y. S. 2d 133.)