■ In the Matter of OLGA PUGLISI, Respondent, v. SEBASTIAN PIGNATO, Appellant.— Orders of the Family Court entered on October 26, 1964 and January 11, 1965, adjudging respondent to be the father of a child born to petitioner and fixing support for the said child unanimously reversed, on the law, and a new trial ordered, without costs and without disbursements. Errors in the exclusion of testimony necessitate a new trial. An examination of the baptismal record of St. Finbar's Church shows erasures and new writing over the original entry. When respondent sought to examine the supervising priest as to this, the court, without objection from the petitioner, sustained objection made by an attorney without standing. Presumably the objection was on the ground of confidential communication (CPLR 4505). There was, however, no showing or reason to believe that the information sought required the disclosure of information under the cloak of the confessional or was in any way confidential. In this closely contested case it is impossible to say whether the excluded testimony might have produced a different result. Concur — Rabin, J. P., Stevens, Steuer, Capozzoli and Bastow, JJ.

■ LICIA A. DE CAMMILLIS, Respondent, v. JOSEPH DE CAMMILLIS, Appellant.— Order entered May 27, 1966 directing entry of judgment against defendant in the sum of $2,575 (and any judgment entered thereon) and denying cross motion of defendant unanimously reversed on the law and on the facts, without costs or disbursements to any party and motion granted to the extent of vacating (1) so much of the decree entered December 18, 1959 as awarded alimony against the person of defendant and (2) the order entered November 9, 1965 (and any judgment entered thereon) directing entry of judgment against defendant in the sum of $33,058.31. The service of the summons and complaint upon defendant (a resident of Italy) by publication gave the courts of this State power to affect the *res* of the matrimonial status but not to award alimony against defendant's person in the absence of in personam jurisdiction (cf. *Estin v. Estin*, 334 U. S. 541). We find no persuasive proof from which it could be found that defendant has ever appeared generally in the action. In such event only the personalty attached prior to the entry of judgment was subject to execution thereunder. (CPLR 301; Civ. Prac. Act, § 520; *McCarthy v. Culkin*, 254 N. Y. 328, 331.) Moreover, if it could be found that defendant appeared generally after the entry of the quasi in rem judgment the jurisdiction of the court would not extend beyond that which existed at the time of the entry thereof in 1959 (*Benadon v. Antonio*, 10 A D 2d 40, 44). Settle order on notice. Concur — Botein, P. J., McNally, Stevens, Steuer and Bastow, JJ.

■ KERR STEAMSHIP CO., INC., Plaintiff, v. SCHENKERS INTERNATIONAL FORWARDERS, INC., Defendant, and WESTERN VEGETABLE OILS COMPANY, INC., Defendant-Appellant and Third-Party Plaintiff-Appellant. LEIF HOEGH & Co., A/S, Third-Party Defendant-Respondent.— Judgment dismissing the third-party complaint unanimously affirmed, with $50 costs and disbursements to the third-party defendant. Western Vegetable Oils Company, Inc. sustained its damage when it paid out its moneys to Allied Crude Vegetable Oil Refining Corp., and therefore any misconduct by Leif Hoegh & Co., A/S was not the proximate cause of any loss to Western. Consequently the court does not have to reach the other issues presented. Concur — Breitel, J. P., Rabin, McNally, Steuer and Capozzoli, JJ.