Louis B. Heller, J.
While this is an undefended divorce action grounded in abandonment, the court feels that a written decision is necessary to clarify any possible question that may arise in the future concerning the issue of service under the circumstances herein. Plaintiff wife has complied with all of the necessary statutory requirements sufficient to grant a divorce. However, plaintiff was not able to personally serve defendant and accordingly moved and was granted an order to serve defendant by publication pursuant to CPLR 316, including the mailing of the pleadings and notice of the pendency of the action to defendant in care of his father, at the latter’s Bronx residence.
Plaintiff submits an interlocutory judgment of divorce providing, among other things, that defendant pay the sum of $125 per week for the support and maintenance of plaintiff and the issue of the marriage. It is this latter proviso which presents a serious question of law for the court’s determination relative to jurisdiction in personam.
*287 The record shows that the parties were married here; it is also established that plaintiff and defendant made their residence in New York and that plaintiff continues to reside here. Though defendant cannot be found, the presumption of his residence here continues in the absence of any evidence to the contrary (Harris v. Harris, 83 App. Div. 123).
Traditionally, it has been held that in matrimonial actions the “res” is the marital status of a resident of the State, and to the extent that the purpose of the action is to alter or affect that matrimonial status, the action is a “proceeding substantially in rem”, where substituted service by publication or in any other authorized form is sufficient notice to answer the requirements of “due process” (Geary v. Geary, 272 N. Y. 390, 399), but a matrimonial action often has a dual aspect (as here); in its purpose to alter the matrimonial status of the parties, it is an action in rem; where it seeks to compel action by defendant or affect his obligations for support, jurisdiction must be acquired “in personam” (Geary v. Geary, supra).
Query: Is service by publication upon an absent resident sufficient to give the court in personam jurisdiction over that defendant in satisfaction of the due process requirements?
An analysis of the law involved and the supporting authorities compels an affirmative answer to the question proposed. The well-established requirements of due process in regard to service do not prescribe the methods of service the States must employ; due process requires only that the procedure adopted afford the defendant reasonable notice and a fair opportunity to be heard before the issues are decided (Rawstorne v. Maguire, 265 N. Y. 204). If personal service is not practicable, the substitute method employed must be that most likely to reach the defendant (McDonald v. Mabee, 243 U. S. 90, 92). It has been held that when personal service cannot be had, on a resident defendant, constructive service of process constitutes due process, even though defendant be outside the State at the time (Continental Nat. Bank v. Thurber, 74 Hun 632). The rationale for holding that a resident is subject to the jurisdiction of our courts is based upon the special relationship existing between a State and its citizens; the courts can obtain in personam jurisdiction if the form of service adopted is reasonably calculated to give notice (Milliken v. Meyer, 311 U. S. 457, 462). Under the New York statute (CPLR 316) this notice requirement is satisfied when a copy of the summons together with a notice of the pendency of the action and a brief statement of the object of the action are mailed to the defendant served by publication, as was done here. Under these circumstances I *288 am of the opinion that the court acquired in personam jurisdiction and accordingly, alimony may be awarded. This decision is entirely in keeping with present day needs. The increasingly artificial nature of State boundaries, the spreading of metropolitan areas and the ever more universal and rapid methods of transportation, all demand a modern approach to the problems of process.