Louis B. Heller, J.
This is an undefended divorce action against an absent nondomiciliary defendant husband commenced by service of a summons by publication pursuant to CPLR 316. Again the court feels impelled to express its opinion in this matter for the purpose of clarification as it did in the previous case of Gross v. Gross (56 Misc 2d 286). In the latter case it was held that service by publication against an absent resident defendant husband gave the court in personam jurisdiction over the defendant enabling the court to direct the payment of alimony. The question posed herein is whether the court may acquire personal jurisdiction over the absent nonresident defendant husband served by publication.
The affidavit submitted by plaintiff in support of her prior application for an order of publication clearly demonstrates that defendant is a nonresident and/or a nondomiciliary of this State. It was alleged that some time after the marriage, the parties resided in Dallas, Texas, but in February of 1963, defendant left the marital household and did not return. .Not having heard from defendant, plaintiff returned to Brooklyn, New York together with the children, where she presently resides. The last known address of defendant is Ft. Smith, Arkansas, the place where defendant was served pursuant to the order of publication. Nowhere in the record does plaintiff claim that at the time of the service of process, defendant was a domiciliary of New York or that defendant appeared or answered the action. Nor has plaintiff shown that defendant has property here duly sequestered.
Under the circumstances here disclosed the court is of the opinion that at the time of the service of process defendant was not a domiciliary of New York and therefore the court does not have jurisdiction in personam over him. Thus, though the court may render a default judgment effectively dissolving the marital status, it may not award alimony or support where defendant has not appeared generally or where the defendant is not possessed of property in this State. (See, Geary v. Geary, 272 N. Y. 390, 399; Reschofksky v. Reschofksky, 272 App. Div. 694; Tarshish v. Tarshish, 27 A D 2d 909; Gockrum v. Gockrum, 20 A D 2d 642.)
*534 Accordingly, the provision in the interlocutory judgment of divorce submitted by plaintiff ordering defendant to pay for the support and maintenance of the infant issue of the marriage is void and hereby stricken therefrom.