CATHERINE VENIZELOS, Respondent, v. NIKITAS VENIZELOS, Appellant. —Appeals by defendant from stated portions of two orders of the Supreme Court, Westchester County, dated respectively June 28, 1967 and September 25, 1967, as follows: from so much of the first order as (1) denied his motion to dismiss the complaint insofar as the motion was grounded upon (a) lack of personal jurisdiction of him, (b) lack of subject matter jurisdiction as to custody of the infant issue of the parties and (c) failure to state a cause of action for separation on the grounds of abandonment and support; and (2) granted plaintiff's cross motion for temporary alimony, support payments for the children, custody of the children, a counsel fee, and an injunction with respect to proceedings in Greece; and from so much of the second order (which granted defendant's motion for renewal and reargument) as, *inter alia,* adhered to the original decision. Orders affirmed insofar as appealed from, with $20 costs and disbursements. It would appear that the parties were married in New York and their children reside here. The parties maintained their marital domicile here for nine years until defendant returned to his native Greece. Defendant was personally served with process in this separation action in Greece. Whether defendant was a domiciliary of New York or not at the time of commencement of this action, it is our opinion that his contacts with this State and the interests of New York in the litigation are sufficient to subject him, under the appropriate statutes, to the jurisdiction of our courts in an action for separation. It is clear under the facts herein that our courts have the power to determine the custody of·the children irrespective of the decree of the Greek court (*Matter of Bachman* v. *Mejias,* 1 N Y 2d 575). It was proper, then, for Special Term to enjoin defendant from taking any steps to enforce the foreign decree and from instituting an action for divorce in Greece. Further, in our opinion, defendant waived objection to in personam jurisdiction. Objection to in personam jurisdiction must be raised either by motion under CPLR 3211 (subd. [a], par. 8) prior to the time service of the responsive pleading is required or in the responsive pleading itself (subd. [e]). The failure of a party to avail himself of one of the two alternatives constitutes a waiver of the objection. Objections to subject matter jurisdiction or to the pleadings as failing to state a cause of action, on the other hand, may be made in the omnibus motion under CPLR 3211 (subd. [a]), in the responsive pleadings, or at any subsequent time (subd. [e]). The stipulations of April 25, 1967 and April 27, 1967 granted defendant extensions of time to "serve an answer" and to "answer the complaint". These were in marked contrast to prior stipulations extending his time to "answer, move or otherwise plead with respect to the complaint." Defendant therefore was precluded by the terms of the last two stipulations from making objection to personal jurisdiction by motion. Further, under the terms of the April 27, 1967 stipulation, plaintiff's attorney agreed to grant an additional 24 hours to answer the complaint on condition that said answer be "served * * * personally not later than Tuesday, May 2." The notice of motion was served by mail post-marked May 3, 1967. Defendant was bound by the restrictions of the stipulation. In bargaining away the right to move prior to answer and in failing to adhere to the restrictions as to means and time of service, defendant waived objection to in personam jurisdiction. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.