■ THOMAS E. RODGERS, Appellant, v. CHARLOTTE B. RODGERS, Respondent. — Appeal from a judgment of the Supreme Court, Westchester County, entered December 23, 1968, which dismissed plaintiff's complaint on jurisdictional grounds. Judgment reversed, on the law and the facts, without costs, and case remitted to the court below for further proceedings not inconsistent herewith and for a determination on the merits. This is an action to enjoin defendant (plaintiff's wife) from prosecuting an action for divorce, which she has commenced in the State of Florida. The summons and complaint in the instant action were served on defendant in Florida, purportedly by substituted service, otherwise known as the " nail and mail " method of service under CPLR 308 (subd. 3). Defendant failed to appear or answer; and, following an inquest,

the court below dismissed the complaint, not on the merits, but on the ground that service of the summons and complaint was null and void. This was predicated on a prior decision by Special Term, which denied plaintiff's motion for a preliminary injunction, and which decision the trial court felt itself bound to follow. In denying the motion, Special Term had opined that service without the State (such as was attempted at bar) to obtain jurisdiction in rem is authorized by CPLR 314 (subd. 1) in a matrimonial action, in the same manner as service within the State, but that this action for an injunction is not a matrimonial action. In our opinion, this reasoning does not support a conclusion that the service outside the State effected at bar was null and void; and, to the extent that it rules out substituted service outside the State as an authorized method of conferring personam jurisdiction upon the courts of this State in an action for an injunction, such as the one at bar, it is error. Substituted service in the manner prescribed in CPLR 308 (subd. 3) is one of the authorized methods of effecting personal service within the State upon a natural person, where service by personal delivery cannot be effected with due diligence as provided in CPLR 308 (subd. 1). Under CPLR 313, service by persons therein specified may be effected in the same manner outside the State as it may be effected within the State, so as to confer personam jurisdiction over a person domiciled in the State or subject to the jurisdiction of the courts of the State under CPLR 301 or 302. In our opinion, under the circumstances adduced, and predicated on the allegations of the complaint, which, by reason of defendant's failure to appear or answer, remain uncontroverted, defendant was, at the posture of the proceedings when service was effected, prima facie a person domiciled in the State and within the jurisdictional purview of CPLR 301. We are also of the opinion that, since the action at bar is designed to preserve the marital *res*, the existence of such *res* in New York constitutes an additional basis for jurisdiction within the purview of said CPLR 301. This latter conclusion is, in our opinion, a logical aftermath of the decisions which dispelled any impression that the marital *res* is invulnerable to attack in a foreign State (*Milliken* v. *Meyer*, 311 U. S. 457; *Williams* v. *North Carolina*, 317 U. S. 287, 325 U. S. 226) and renders obsolete and subject to re-examination any prior views expressed in prior decisions, which, in denying injunctive relief, (a) did not recognize an injunction's constructive significance to the spouse seeking to preserve the *res* and (b) relied on the impression of invulnerability. Accordingly, predicated on the foregoing jurisdictional bases within the purview of said CPLR 301, service upon defendant in the manner specified in CPLR 308 could be effected within as well as without the State; and, absent the feasibility of personal service under subdivision 1, substituted service under subdivision 3 was in order. Moreover, we note that the court below did not deal with the details of the service effected, but ruled out substituted service per se in this type of action. Lest there be any question as to certain shortcomings in the manner in which the substituted service was effected at bar and whether there was strict compliance with CPLR 308 (subd. 3), we note our opinion that, under the facts and circumstances adduced, the service effected was in any event the type of service which may reasonably have been calculated to give notice of the lawsuit and an opportunity to be heard. As such, it met the minimal standards of due process (*Milliken* v. *Meyer*, 311 U. S. 457, *supra; Wuchter* v. *Pizzutti*, 276 U. S. 13) and thereby qualified for an order authorizing this type of service under CPLR 308 (subd. 4) (cf. *Dobkin* v. *Chapman*, 21 N Y 2d 490). We are also of the opinion that it qualifies for a *nunc pro tunc* order to that effect, if the question herein considered be raised and if plaintiff be advised to apply for such an order. Hopkins, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.