Albert H. Buschmann, J.
In this divorce action the plaintiff wife moves for temporary alimony and counsel fees. The defendant cross-moves for dismissal of the motion on the grounds that the court lacks jurisdiction over his person.
Plaintiff and defendant were married in Kings County, New York, in 1962. Thereafter they purchased a home in New Jersey and resided there until 1968, when the plaintiff and the three children of the marriage moved into the home of the plaintiff’s parents in Queens, New York. It is conceded that the defendant has been and is a resident of New Jersey.
The plaintiff attempts to acquire in personam jurisdiction over the defendant by virtue of an ex parte order of the Appellate Division dated November 10, 1969, procured pursuant to CPLR 308 (subd. 4). The order reads in part: “ordered that the summons in the above-entitled action, together with a true copy of this order with notice of its entry, be served upon the defendant, Seymour Baum, by personally delivering to him either within the State of New York or of New Jersey copies thereof, that being the means calculated most likely to reach the defendant.” Based on this order and CPLR 308 (subd. 4), the plaintiff contends that the court has constitutional power to exercise personal jurisdiction over a nonresident defendant who is personally served without the State. Plaintiff further contends that by virtue of the marriage and her present residence in this State the ‘ ‘ minimal contact ’ ’ theory enunciated in McGee v. International Life Ins. Co. (355 U. S. 220) has been met. The plaintiff’s last contention is that CPLR 302 does not extend the court’s “ long arm power ” to its constitutional limitations and that by the use of CPLR 308 (subd. 4) the court *306 may expand the limits of its jurisdiction. The defendant contends that the court has no jurisdiction to award alimony and counsel fees against a nonresident served with process outside the State who does not appear generally.
The provisions of CPLR 308 deal with methods of service where the court has jurisdiction over the subject matter and would have in personam jurisdiction upon proper service. (See Van Dunk v. Lazrovitch, 50 Misc 2d 649.) It may not be used to extend the court’s in personam jurisdiction further than the constitutional limits. (Dobkin v. Chapman, 21 N Y 2d 490.) Accordingly, if the court would have personal jurisdiction over the defendant upon service, then CPLR 308 (subd. 4) provides a method for such service; but, because a method is available and utilized, it does not follow that in personam jurisdiction will attach.
The Appellate Division, First Department, has held that CPLR 302 does not reach the constitutional limits of jurisdiction over a nonresident, nondomiciliary defendant. (Millner Co. v. Noudar, Lda, 24 A D 2d 326.) However, the Third Department in Whitaker v. Whitaker (32 A D 2d 595) stated: “ While CPLR 302 expanded the circumstances in which in personam jurisdiction might be obtained, its effect is limited only to the situations enumerated therein”. Whichever theory is adopted, the mere fact that the plaintiff and the defendant were married in New York and that the plaintiff now resides in this State with her children is insufficient to meet the minimal contacts constitutionally required. To hold otherwise would subject a man married in this State to permanent in personam jurisdiction no matter where he presently resides. (See Inkelas v. Inkelas, 58 Misc 2d 340;)
In several matrimonial cases (Whitaker v. Whitaker, supra; Weiss v. Weiss, 20 A D 2d 824; Inkelas v. Inkelas, supra), the plaintiff attempted to acquire in personam jurisdiction over the defendant pursuant to CPLR 302, and the courts rejected any theory of acquiring such jurisdiction except where there was a separation agreement between the parties entered into within the State (Kochenthal v. Kochenthal, 28 A D 2d 117) or the defendant had property within the State over which the court had in rem or quasi in rem jurisdiction. (Geary v. Geary, 272 N. Y. 390; see Tarshish v. Tarshish, 27 A D 2d 909; Lussier v. Lussier, 56 Misc 2d 532.)
Accordingly, plaintiff’s motion for temporary alimony and counsel fees is denied and the defendant’s cross motion is granted.