ALICE RENAUDIN, Respondent, *v.* JUSTIN W. RENAUDIN, Appellant.

First Department, July 1, 1971.

184

*Thomas R. Farrell* of counsel (*Gold, Farrell & Marks,* attorneys), for appellant.

*Abraham S. Robinson* for respondent.

NUNEZ, J.   Plaintiff wife seeks a divorce, alimony, support and counsel fees.   The summons with notice seeking such relief was served on defendant husband in Richmond, Virginia, on or about March 30, 1970.   The parties were married in Louisiana in 1966.   There are no children.   At the time of the marriage, the husband was a resident physician in a New York City hospital and the parties lived in New York until January 1, 1967 when the husband was inducted into the armed forces.   He was in Vietnam until February, 1968.   Thereafter he lived in California with his wife until his discharge in early 1969.   While in California, the husband signed an employment contract with a group of physicians in Richmond, Virginia, his employment to commence on October 1, 1969 upon completion of his resident training in the New York hospital.   The husband has resided in Virginia since October 1, 1969.

Special Term referred the issue of residence to a Special Referee who found that at the time the summons was served the husband was not a resident of New York.   However, the Referee further reported that because the husband's transition to Virginia was not abrupt but gradual, the marital *res* never left New York and hence the husband was subject to in personam jurisdiction.   Special Term confirmed the report, holding that despite the husband's residency in Virginia, he had maintained sufficient contacts with New York to warrant the court's granting in personam relief.

A matrimonial action often has a dual purpose. In one aspect it is substantially a proceeding in rem, since its purpose is to alter the matrimonial status of the parties; in the other aspect it is a proceeding in personam, since its purpose is to compel the defendant to perform his obligation to furnish his wife and children with support. The governmental powers of the State of New York do not extend beyond its territorial limits and the jurisdiction of the State courts is confined to property and persons subject to the power of the State. "Without service of process within the State or voluntary appearance in court or submission to its jurisdiction, no court of a State acquires jurisdiction of the person of a non-resident defendant or can grant a personal judgment enforceable by execution against his person or property." (*Geary* v. *Geary*, 272 N. Y. 390, 398.) Though plaintiff be a resident of New York, a valid judgment may not be rendered for alimony or counsel fees against a nonresident defendant served outside of the State unless he has appeared generally. (See *Geary* v. *Geary, supra*; *Matthews* v. *Matthews*, 247 N. Y. 32; *Cockrum* v. *Cockrum*, 20 A D 2d 642 [2d Dept., 1964]; *Weiss* v. *Weiss*, 20 A D 2d 824 [3d Dept., 1964]; *Odiens* v. *Odiens*, 265 App. Div. 641 [1st Dept., 1943].)

Furthermore, CPLR 302 applies only to specifically enumerated classes of actions. Matrimonial actions are not among them, and the defendant having been served in Virginia, the court has not acquired in personam jurisdiction over the defendant. (See *Tarshish* v. *Tarshish*, 27 A D 2d 909 [1st Dept., 1967]; *Whitaker* v. *Whitaker*, 32 A D 2d 595 [3d Dept., 1969]; *De Camillis* v. *De Camillis*, 26 A D 2d 817 [1st Dept., 1966], affd. 19 N Y 2d 880.)

New York courts in an unbroken line of cases have carefully delineated the dual aspect of matrimonial actions. The Special Referee and Special Term have improperly merged the in rem and in personam aspects. The fact that the marital *res* remained in New York by virtue of the wife's residence, gives the court jurisdiction to determine the marital status of the parties in accordance with its public policy but does not confer in personam jurisdiction, which depends upon the residence of the defendant or service upon him within the State. (See Domestic Relations Law, § 230; *Williams* v. *North Carolina*, 317 U. S. 287.)

The marriage of this childless young couple was of short duration—three years; they lived in New York only during a period of four or five months in 1966 and six months in 1969. We find no moral or equitable ground for deviating from the well-settled law of New York to the effect that the wife may obtain only a determination of her marital status here and that whether

she is entitled to in personam relief, i.e., alimony and counsel fees, can only be determined by the courts of Virginia.

For the foregoing reasons, the order entered March 12, 1971, Supreme Court, New York County (TELESFORD, J.) should be reversed on the law and defendant's motion to dismiss the action, insofar as it demands alimony, support and counsel fees, should be granted without costs or disbursements.

EAGER, J. (dissenting). We conclude that the denial in all respects of defendant's motion to dismiss is fully supported by the record and by general authority. Concededly, as held by the Referee, the marital res never left this State. Furthermore, although the defendant may have intended to become a domiciliary of Virginia, it is questionable whether he had relinquished his residency here. It is well settled that a person may have two places of residence, although only one domicile. (Cf. *Rawstorne* v. *Maguire*, 265 N. Y. 204.) In any event, as found by the Referee and as held at Special Term, the defendant, on moving to Virginia, retained such contacts with this State as to justify the acquisition of in personam jurisdiction over him to award such incidental relief as is appropriate in this matrimonial action. (See, for instance, *Hines* v. *Clendenning*, 465 P. 2d 460 [Okla.] ; *Dillon* v. *Dillon*, 46 Wis. 2d 659; *Mizner* v. *Mizner*, 84 Nev. 268, cert. den. 393 U. S. 847.)

We agree fully with the reasoning of Professor Joseph M. McLaughlin (now Dean of Fordham Law School) as expressed in his " Supplementary Practice Commentary " to CPLR 314 (McKinney's Cons. Laws of N. Y., Book 7B) to wit: " While most courts continue to adhere to the traditional dogma that in rem jurisdiction over the marital res, acquired by virtue of the plaintiff's domicile in New York, does not confer in personam jurisdiction over a non-domiciliary defendant (cf. Whitaker v. Whitaker, 1969, 32 A D 2d 595, 299 N. Y. S. 2d 482; Baum v. Baum, 1970, 62 Misc 2d 305, 307 N. Y. S. 2d 305), there have been distant rumblings in the Second Department that the ancient in personam-in rem jargon may have outlived its usefulness. [Citing *Venizelos* v. *Venizelos,* 1968, 30 A D 2d 856; *Rodgers* v. *Rodgers,* 32 A D 2d 558.] * * *

" In an era characterized by constant reference to 'minimum contacts ' the view that the plaintiff's domicile in New York authorizes some forms of relief, traditionally believed to be in personam, e.g., alimony, is not indefensible. A strong case can be made out that, at least in matrimonial actions, the plaintiff's domicile in this state and New York's manifest interest in the marriage would make reasonable certain limited incursions into

territory heretofore regarded as in personam." (See, also, 21 Syracuse L. Rev. 727–728.)

By virtue of statutory provisions, the court possessed jurisdiction to entertain the action for divorce and is expressly empowered to render therein such direction as justice requires for the suitable support of the wife. (See Domestic Relations Law, §§ 230, 236.) The granting of such support "is a mere incident of the judgment in the matrimonial action" (see *Weintraub* v. *Weintraub*, 302 N. Y. 104, 108; *Querze* v. *Querze*, 290 N. Y. 13, 18) and the power of the court to grant such incidental relief is conferred in general terms without restriction or limitation. Public policy and the interest of the State in the marital status and the financial support of a dependent wife dictate that this court should assume such jurisdiction in matrimonial actions, including that of nondomiciliaries, as may be constitutionally permissible and as may be required to the end that full effect may be given to its decrees. This accords with the liberal trend toward the exercise of " long-arm " in personam jurisdiction whenever consistent with constitutional limitations. Here, due process requirements are fully met because the defendant was personally served with the summons, although outside of the State, and he does retain such certain minimum contacts with the State that the maintenance of the suit, including for the incidental in personam relief, " does not offend ' traditional notions of fair play and substantial justice'." (*International Shoe Co.* v. *Washington*, 326 U. S. 310, 316).

We would affirm the order of Special Term.

MURPHY and STEUER, JJ., concur with NUNEZ, J.; EAGER, J., dissents in an opinion in which MARKEWICH, J. P., concurs.

Order, Supreme Court, New York County entered on March 12, 1971, reversed, on the law without costs and without disbursements, and defendant's motion to dismiss the action, insofar as it demands alimony, support and counsel fees, granted.