Leon W. Paxon, J.
Petitioner, a resident of Erie County, commenced an “ Action for Support ” in Supreme Court, Erie County, against her husband who, at the time of service of the summons and complaint was a resident of Chautauqua County.
Thereafter, the petitioner moved to transfer the proceeding to this court; and the respondent cross-moved for a dismissal of the action on the grounds that the Supreme Court lacks jurisdiction over the subject matter, contending that exclusive original jurisdiction in this type of proceeding was vested in Family Court. Supreme Court granted petitioner’s motion, denied respondent’s cross motion and transferred the matter to Family Court.
In this court the respondent stated that he “ appeared specially ” and raised the question of jurisdiction over the subject matter, jurisdiction over his person and venue of1 the matter in this court rather than in the Chautauqua County Family Court.
The thrust of respondent’s argument is that the 1962 amendment to the New York State Constitution, which created the Family Court, and the implementing legislation contained in the Family Court Act, vested exclusive original jurisdiction in the Family Court over all support proceedings for dependents except those proceedings for support incidental to matrimonial actions and proceedings.
Hence, he argues, since petitioner has not commenced any matrimonial action, the transfer to Family Court of this proceeding, over which Supreme Court has no jurisdiction, is void and of no effect.
Petitioner contends that the Court of Appeals in the case of Kagen v. Kagen (21 N Y 2d 532 [1968]) held that both the Supreme Court and the Family Court have concurrent jurisdiction to entertain applications for support. If the Supreme Court does entertain such' application for support, it may, petitioner argues, either transfer the matter to any other court having jurisdiction of the subject matter or retain jurisdiction over the proceedings.
*34 Respondent counters that the Kagen case (supra) and the cases cited therein are distinguishable from the one at bar in that they all involved actions unknown at common law and therefore fall within the 1962 amendment to the New York Constitution, whereas the instant case involved nothing more than “ an Action for Support
I find that Kagen v. Kagen (21 N Y 2d 532, supra) is dis-positive in this proceeding.
In Kagen (supra) the Court of Appeals in a four to three decision, held that a 1962 amendment to the State Constitution added the provision that “ If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings ’ ’, even though the Legislature conferred jurisdiction thereover upon other courts (N. Y. Const., art. VI, § 7, subd. c). The Court of Appeals further construed the amendment to apply not only to ‘ ‘ classes of actions and proceedings ’ ’ not recognized prior to its effective date, but also to increase the Supreme Court’s jurisdiction even as to “ classes ” recognized previously but held then to be outside that court’s jurisdiction.
Therefore, I hold that in the instant case the cited amendment to the State Constitution increased the Supreme Court’s jurisdiction over all support proceedings even though prior to such amendment it had been recognized that the Supreme Court had jurisdiction only in support cases incidental to marital actions.
My holding, I believe, is strengthened by the dissenting opinion of Judge Jasen in Kagen v. Kagen (21 N Y 2d 532, 540, supra) wherein he states, “ The majority’s strained construction of the amendment * * * abolishes the exclusive jurisdiction of the Family Court. The majority, in effect, has construed the words ‘ shall create new classes of actions and proceedings ’ in section 7 of article VI to mean ‘ all classes of actions and proceedings whenever created.’ * * * This construction includes within the Supreme Court’s general original jurisdiction all non-common-law actions and proceedings which the Legislature conferred exclusively upon other courts prior to the amendment of section 7 of article VI ’ ’.
Until a higher court rules to the contrary, this court will accept the transferred proceeding from Supreme Court.
The question of venue may be summarily disposed of inasmuch as section 421 of the Family Court Act states that proceedings to- compel support may be originated in the county in which: “(h) The petitioner is residing or domiciled at the time *35 of the filing of the petition for support and at the time of the issuance of the summons or warrant if the respondent resides in or is found within such county or an adjoining county ”. (Emphasis supplied.)
Here, petitioner resides in Erie County and respondent in Chautauqua County, an adjoining county.
Respondent’s motions are denied. Schedule for hearing on March 14, 1973 at 10:00 a.m., Part II.