Sidney Leviss, J.
This motion to dismiss an action commenced by a wife solely for her support on the ground of lack of subject matter and in personam jurisdiction presents an issue of novel impression.
In June, 1974, CPLR 302 was amended to extend personal jurisdiction over nonresident defendants in matrimonial actions or Family Court proceedings involving a demand for support or alimony (L 1974, ch 859, eff June 7, 1974). Thus, long-arm jurisdiction is now available "if the party seeking support is a resident of or domiciled in this state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the obligation to pay support or alimony accrued under the laws of this state or under an agreement executed in this state.” (CPLR 302, subd [b].)
The parties in the case at bar were married in New York and resided here from 1943 to 1957. In 1957 they moved to Virginia, where they resided until 1969, when defendant allegedly abandoned the plaintiff. Plaintiff thereafter returned to New York and commenced the instant action by service upon the defendant in Nice, France, where he presently resides. Service was effected by registered mail, return receipt requested, pursuant to an ex parte order of this court dated *76 November 24,1975. (CPLR 308, subd 5.) Defendant, by answer, interposed the following defenses: (1) lack of subject matter jurisdiction; (2) lack of in personam jurisdiction; (3) that the proceeding is exclusively one under article 4 of the Family Court Act; and (4) that the court should decline jurisdiction in its discretion. The instant motion attempts to utilize the device of a CPLR 3211 pre-answer motion to dismiss based on the same grounds. While such relief is technically unavailable, the court will instead treat the motion as one for summary judgment. (CPLR 3211, subd [c].)
It is well settled that the Supreme Court has concurrent jurisdiction with the Family Court over actions to obtain support. (Kagen v Kagen, 21 NY2d 532; Levy v Levy, 46 AD2d 876; Mekus v Mekus, 73 Misc 2d 32.) Thus, the instant action is neither exclusively within the jurisdiction of the Family Court, nor outside the jurisdiction of the Supreme Court.
The primary issue, then, is whether jurisdiction over the person of the defendant has been properly acquired. Matrimonial actions are in rem based on the court’s jurisdiction over the marital res. The res is established by certain residency requirements provided for by section 230 of the Domestic Relations Law. Thus, a matrimonial action may be maintained only when the parties were married in the State or resided in the State as husband and wife or the cause arose in New York and either party is a resident when the action is commenced and has been such for a continuous period of one year immediately preceding the commencement of the action, or where the cause occurred in New York and both parties are residents or, finally, where either party has been a resident for a continuous period of at least two years immediately preceding the commencement of the action. (Domestic Relations Law, § 230.) The result of such in rem proceeding was only to dissolve the marriage. Directions concerning the payment of alimony could only be made if jurisdiction in personam was acquired over the defendant.
When CPLR 302 was enacted, attempts made to fit matrimonial actions within its framework were largely unsuccessful (see Renaudin v Renaudin, 37 AD2d 183) except for occasional instances where separation agreements were executed in the State. (Kochenthal v Kochenthal, 28 AD2d 117; Kirchner v Kirchner, NYLJ, March 2, 1976, p 7, col 2.) "While most courts continue to adhere to the traditional dogma that in rem jurisdiction over the marital res, acquired by virtue of the *77 plaintiff’s domicile in New York, does not confer in personam jurisdiction over a nondomiciliary defendant (cf. Whitaker v Whitaker, 1969, 32 AD2d 595, 299 NYS2d 482; Baum v Baum, 1970, 62 Misc 2d 305, 307 NYS2d 305), there have been distant rumblings in the Second Department that the ancient in personam-in rem jargon may have outlived its usefulness.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 314, C 314:2, pp 307-308.) Venizelos v Venizelos (30 AD2d 856) and Rodgers v Rodgers (32 AD2d 558) were cited as expressing such a trend. Rodgers was an action to enjoin the prosecution of a Florida divorce, while Venizelos was a separation action brought after plaintiff’s husband abandoned her in this State and went to Greece. While Venizelos makes some broad references to personal jurisdiction, the basis of the decision was that any objection to personal jurisdiction had been waived. The First Department has adamantly refused to merge the in rem and in personam aspects of matrimonial litigation. (Renaudin v Renaudin, supra.)
Abandoned wives could, however, obtain support from their nonresident husbands under the Uniform Support of Dependents Law if the fugitive husband resided in a responding State having reciprocal laws. (Domestic Relations Law, § 30 et seq.) Unfortunately, the Uniform Law does not apply to ex-wives and so they were once again left to their own devices. Faced with the startling statistic that approximately 5.6 million American families are headed by women, 3.4 million of whom are on welfare, 2.6 million are divorced or separated, and 2.4 million are widowed, and armed with the knowledge that one of the main reasons so many divorced or separated women wind up on welfare or border on it is because existing court orders are not or cannot be enforced, the framers of the amendment sought to provide greater protection for abandoned families by providing personal jurisdiction over nonresident defendants. "If the state where the abandoned family resides could render a personal judgment against the fugitiveobligor which could be sued upon where he or his property is located it would facilitate collection and the vagaries of the Uniform law would be avoided.” (NY Legis Annual, 1974, p 42.)
At bar is the interpretation of the phrase "matrimonial domicile before separation”. In his commentary to the new section, Dean McLaughlin states: "Under alternative (2)(a), *78 supra, the statute is unclear as to whether the parties must have been domiciled in New York at the time of their separation or whether a New York domicile at any time during their marriage would suffice.” (McKinney’s Cons Laws of NY, Book 7B, 1975-1976 Pocket Part, CPLR 302, C 302:27, p 16.) It must be remembered that in interpreting the statute the words and phrases used should be given the meaning intended by the lawmakers. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 230.) Further, any interpretation must preserve the statute’s constitutionality and must not result in injustice. (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 146, 150, subd c.) The overall pattern of this legislation (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97) establishes very fundamental contacts with New York, to wit, abandonment in the State, an original court order of support by a New York court (see NY Legis Annual, 1974, p 41), and the execution in the State of a separation agreement. Continuity and constitutionality dictate that the first alternative be interpreted so that there be an equally strong contact with this State, to wit: that matrimonial domicile be in this State at the time of the separation (Venizelos v Venizelos, 30 AD2d 856, supra; but, see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 302). To interpret this section otherwise would be to abandon any vestige of the concept of in rem jurisdiction. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 111.) If marital domicile at any time was to be the only prerequisite for personal jurisdiction, the Legislature could have in no uncertain terms indicated its departure from traditional notions. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 230.) There appears to be no less efficacy now to the statement in Baum v Baum (62 Misc 2d 305, 306, supra): "the mere fact that the plaintiff and the defendant were married in New York and that the plaintiff now resides in this State * * * is insufficient to meet the minimal contacts constitutionally required. To hold otherwise would subject a man married in this State to permanent in personam jurisdiction no matter where he personally resides.” Thus, the court lacks jurisdiction over the person of this defendant and inasmuch as the action seeks support only, the motion for summary judgment is granted dismissing the complaint. This disposition is without prejudice to whatever in rem or quasi-in rem proceeding plaintiff may commence, if she be so advised.