■ MARSHA CHODOS, Respondent, v STEVE CHODOS, Appellant. — In a matrimonial action in which plaintiff was awarded a divorce, defendant appeals from a judgment of the Supreme Court, Queens County (Graci, J.), entered June 9, 1981, which, after a nonjury trial, awarded plaintiff the principal sum of $32,806.40, representing arrears under the divorce judgment. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The parties were married in March, 1969 and have one son, who was born in October, 1971. They resided in New York during the entire duration of their marriage. The parties separated for the second and final time in March, 1973, at which time defendant husband left the marital residence in Queens. Defendant testified that after spending one night at his parents' home in Brooklyn, he moved with his belongings to the residence of Irving Raskin, a longtime friend of the family, located in West Orange, New Jersey. He continued to live at the Raskin residence until late December, 1973 or early January, 1974, at which time he moved to his own apartment in Little Ferry, New Jersey. He moved back to his parents' home in Brooklyn in the spring of 1974, after he lost his job in New Jersey. In April, 1973, plaintiff had commenced a divorce action in the Supreme Court, Queens County, by per-

sonal service of a summons on defendant at his place of employment in Secaucus, New Jersey, where he had worked since 1971. Defendant did not appear in the action and a judgment of divorce was granted in favor of plaintiff in the Supreme Court, Queens County (Giaccio, J.), on November 9, 1973, awarding her custody of the couple's minor son and total support for herself and the child of $100 per week. During and after the divorce proceeding, plaintiff instituted several other proceedings to obtain support for herself and her son. By order to show cause dated November 26, 1980, plaintiff, now a resident of the State of Florida, moved in the Supreme Court, Queens County, to obtain arrears in support payments owing to her pursuant to the judgment of divorce. The divorce action, upon which the application to recover arrears is based, was commenced prior to the addition of the new CPLR 302 (subd [b]) providing for "long arm" jurisdiction in matrimonial actions (L 1974, ch 859, § 1). Under the law as it existed at the time of the 1973 divorce action, service on a nonresident spouse outside the State of New York was considered insufficient to confer the in personam jurisdiction required to obtain a judgment for alimony or child support, absent a general appearance by the defendant or a valid sequestration of his or her property located in New York (see *Geary v Geary*, 272 NY 390; *Renaudin v Renaudin*, 37 AD2d 183, app withdrawn 29 NY2d 725; *De Camillis v De Camillis*, 26 AD2d 817, affd 19 NY2d 880; but see *Rodgers v Rodgers*, 32 AD2d 558; *Venizelos v Venizelos*, 30 AD2d 856). Therefore, the New York courts would have had no jurisdiction to award alimony and child support in the instant case if defendant had established his domicile in New Jersey at the time the divorce action was commenced by the service of a summons upon him outside of New York State (see *Whitaker v Whitaker*, 32 AD2d 595; *Tarshish v Tarshish*, 27 AD2d 909; *Weiss v Weiss*, 20 AD2d 824). A hearing was held before Justice Graci in the Supreme Court, Queens County, on April 27, 1981, which focused primarily on the issue of whether defendant had established his domicile in the State of New Jersey at the time that the divorce action was commenced in April, 1973. The court granted judgment for arrears in favor of plaintiff after concluding that she had established, by a fair preponderance of the credible evidence, that defendant was a domiciliary of the State of New York at that time. Earlier, at the hearing, the court denied the request made by defendant's attorney for a continuance of one week in order to produce as a witness, Irving Raskin, who was at that time out of the State on business. We conclude that the court abused its discretion when it refused to grant the request of defendant's attorney for a short continuance in order to produce Irving Raskin. Mr. Raskin, in whose home defendant allegedly lived for the majority of the time that he was in the State of New Jersey, is a material witness on the issue of whether defendant intended to change his domicile to New Jersey after he separated from plaintiff. An important factor which influenced the court to grant judgment in favor of plaintiff was the failure of defendant to produce a "disinterested witness" to support his contention that he had established his domicile in New Jersey at the time the divorce action was commenced. The trial court could have exercised its discretion to cure this inadequacy by granting the adjournment requested by defendant's attorney. This situation is governed by this court's recent decision in the case of *Balogh v H.R.B. Caterers* (88 AD2d 136) where we held that a Trial Judge similarly abused his discretion in refusing to grant a continuance of a trial over a holiday weekend in order to permit the plaintiff in a personal injury action to produce a major eyewitness to the accident. In an opinion by Justice Titone it was stated (p 141): "It is an abuse of discretion to deny a continuance where the application complies with every requirement of the law and is not made merely for delay,

where the evidence is material and where the need for a continuance does not result from the failure to exercise due diligence". In the instant case defendant and his attorney both indicated to the court that they first became aware on the Friday prior to the Monday on which the hearing was to be held that Mr. Raskin would be out of the State on an important business appointment on the date of the hearing. Defendant testified that he had attempted, unsuccessfully, to contact Mr. Raskin during the weeks prior to the scheduled hearing date. Defendant's attorney requested the adjournment as he was about to conclude his case during the one-day hearing. Under the circumstances, it cannot be said that defendant or his attorney failed to exercise due diligence in attempting to contact Mr. Raskin or in making the request for the adjournment (see *Balogh v H. R. B. Caterers, supra*). The expense and inconvenience to the plaintiff of another trip from Florida to New York to attend the adjourned proceedings is far outweighed by the substantial prejudice to defendant when he was foreclosed from calling a potentially decisive witness on the domicile question. We reject plaintiff's contention that other members of the Raskin household could have served as adequate substitute witnesses. The only other potential witnesses were the three Raskin children, the oldest of whom was in his early teens at the time defendant lived in their home. Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.