Thomas E. Morrissey, Jr., J.
Defendant J. W. Q-reer Company, Inc. moves to dismiss complaint on the ground that the court has not the aquired jurisdiction over the person of said defendant. The accident, which is the basis of this action, occurred in New York State on May 25, 1962. This action was commenced by the service of a third summons and complaint on the defendant in the State of Massachusetts on October 4, 1963, pursuant to CPLR 302, which went into effect on September 1, 1963.
The defendant claims that service made pursuant to CPLR 302 is ineffective to confer jurisdiction of this court of a defendant in a cause which arose prior to the effective date of this rule. CPLR 10003 provides in part as follows: ‘1 This act shall apply to all actions hereafter commenced. ’ ’
In the Practice Commentary on the meaning of CPLR 302, Professor Joseph M. McLaughlin states the following in McKinney’s Consolidated Laws (Vol. 7B, p. 435): “If the cause of action arose prior to the effective date of the statute, it should still be held to apply to the defendant. The statute in no ways enlarges or extends the liability of the defendant. It merely adds to the number of forums where the plaintiff may seek to enforce his rights. The statute is in essence a procedural statute, and there is no vested right in any particular remedy or procedure. See McKinney’s Statutes § 51 et seq. It was upon this reasoning that the Illinois statute was held to apply to causes of action accruing prior to the effective date of the statute. Nelson v. Miller [11 111. 2d 378].”
In considering the retroactive effect of CPLR 302, the New York courts held that this section being only a procedural *163 statute was retroactive in effect. (William Rand, Inc. v. Joyas De Fantasia, 41 Misc 2d 838; Steele v. De Leeuw, 40 Misc 2d 807.)
This court is inclined to agree with the foregoing holdings and determines that the service on the moving defendant pursuant to CPLR 302 was properly made. Accordingly, the motion is denied.