*Municipal Court of the City of Boston*

No. 114809
**FRANCES SPITZ**
v.
**JOSEPH G. SPITZ**
(March 5—March 11, 1965)

*Present*: Adlow, C. J., Morrissey & Foster, JJ.

Case tried to *Shamon, J.*

*Adlow, C. J.* Action of contract to recover on a judgment rendered by the Civil Court of the City of New York in the amount of $4,045.50. The defendant filed a plea in abatement to the proceedings. The parties submitted on an "Agreed Statement of Facts", from which it appeared that since March, 1944 the parties have been married to each other; that they were married in New York and lived there as husband and wife until December, 1953 when they entered into a separation agreement; that in 1958 the defendant left New York and came to Massa-

chusetts where he has resided up to the present time; that the defendant has no property or real estate in New York; that on March 4, 1964 the defendant was served in Massachusetts with a summons to appear and answer, in an action brought by the plaintiff in New York; that said summons was served on the defendant in March by the attorney of record for the plaintiff; that said attorney is not a constable, sheriff, or other officer authorized to serve process in the Commonwealth of Massachusetts; that the defendant at no time appeared specially or generally in connection with the New York suit; and that the defendant was defaulted, not having appeared in New York, and judgment was rendered against him in the amount of $4,045.50.

It was also agreed that under section 302 of the Civil Practice of Law Rules of the State of New York (effective September 1, 1963) the courts of New York had jurisdiction over non-residents who, in person or through an agent transact any business within the state. Among the various methods prescribed by this act for the service of process in proceedings against non-residents it is provided that such service might be made by any duly qualified attorney, barrister, or equivalent in such jurisdiction. Civil Practice Law Rules (N.Y.), §313.

█ The court properly declined to rule on the many requests for rulings of law filed by the defendant. Having submitted on

the basis of agreed facts such requests have no standing. *Kimball Co. v. Medford,* 340 Mass. 727; *Vespa v. Construction Service Co.,* 343 Mass. 547.

■ The defendant contends that the court erred in failing to abate the proceedings. It is urged by the defendant that a wife cannot bring an action against her husband in this Commonwealth. The argument is without merit. It is conceded that at the time the parties entered into their agreement in New York such an agreement was legal in the state where it was made. Such an agreement can now be enforced in this Commonwealth. *Polson v. Stewart,* 167 Mass. 211. The many cases cited by the defendant which appear to deny recovery in this Commonwealth on such contracts are no longer pertinent to the issue. They were all brought at a time when suits between husband and wife were specifically enjoined by statute. G. L. (Ter. Ed.) c. 209, §6. This disability has now been removed by the Mass. St. 1963, c. 765, §2.

■ It is further argued by the defendant that this right to sue is limited to contracts made under the provisions of St. 1963, c. 765, §1. If such a restriction exists it applies only to contracts made between husband and wife in Massachusetts prior to the passage of the 1963 act. Agreements made in Massachusetts between husband and wife prior to this time were illegal. The restriction, however, cannot apply to contracts that were legal when made.

■ Another issue raised by the defendant concerns the right of the New York courts to claim jurisdiction over the defendant who was concededly a non-resident and who was not personally served in New York. The statute confers jurisdiction over a non-resident who in person or through an agent transacts any business with the state. While there are decisions in New York which declare that the execution of an agreement between husband and wife does not constitute "doing business," *Willis v. Willis,* 248 NYS 2d 260; *Cockrun v. Cockrun,* 20 App. Div. 2d (NY) 642, we do not consider the construction given the law by these courts as authoritative or binding. What is involved in this litigation concerns more than an isolated transaction. The contract on which the plaintiff declared in New York is a mere incident in a complex domestic situation which involves the responsibility of the defendant as the head of a family, over a long period of time. Whether an arrangement whereby one lives apart from his wife and family and leaves the state of their residence can be designated "doing business" is beside the point. The expression is not a term of art, and the reports of our highest courts reveal the great difficulty experienced in explaining it. See: *International Shoe Co. v. Washington,* 326 US 310. What does matter is that a course of action inextricably involved in the status and legal responsibilities of the defendant is going on in the state of New York. The jurisdiction of

the courts of New York over such a situation is by no means casual. The State of New York can, if it so desires, invoke criminal sanctions to enforce the claims of this plaintiff on the defendant. There is a strong social interest in the security of family life. In our opinion the many considerations which justify the exercise of jurisdiction by the courts over non-resident automobilists apply with equal effect to the situation under review. *Pawloski v. Hess,* 250 Mass. 22, 24; *Hess v. Pawloski,* 274 US 352. Aside from the nature of the claim providing ample ground for the exercise of jurisdiction by the New York courts, the statute provides for notice of the proceedings and an opportunity to be heard. Civil Practice Law Rules (N.Y.) §313. Such notice was served upon the defendant in the manner permitted by the New York law. The defendant is in no position to claim a denial of due process. *Wuchter v. Pizzutti,* 276 US 13; 50 Harvard Law Review 1130. We do not mean to imply by the above that every form of business transaction exposes non-resident participants to the jurisdiction of New York courts, but we do feel that the transaction involved in this cause comes clearly within the ambit of those claims which the state in the exercise of its police power can help enforce through service on non-residents. *Hess v. Pawloski,* 274 US 352; *Wuchter v. Pizzutti,* 276 US 13.

■ While it has been pointed out that the judgment in issue embraces certain claims

that accrued prior to the passage in 1963 of Section 302 of the Civil Practice of Law Rules of the State of New York, we see no error in the inclusion of these claims. It is true that in Massachusetts the right to serve on a non-resident outside the state is considered substantive rather than procedural, *Paraboschi v. Shaw,* 258 Mass. 531, but the more popular view in most states, including New York, is that the statute is procedural, and should be given retroactive effect. *Peterson v. Van Auken,* 250 NYS 2d 560; 67 Harvard Law Review, 1087-1088.

In our opinion there was no error in the refusal of the court to abate the proceedings. *Report dismissed.*

Philip W. Bouchard, of Boston, for the plaintiff.
Michael B. Spitz, of Boston, for the Defendants.