Nathaniel T. Helman, J.
This motion by defendant to dismiss the complaint for want of jurisdiction pursuant to CPLR 3211 is granted.
The defendant claims that he has not resided in this State for the past nine years, and is a resident of the State of California, the place where process was personally delivered to him. Concededly, defendant has no property in New York which has been attached or sequestered, nor has he appeared or answered.
The complaint alleges, in substance, that the parties are married; that defendant abandoned the plaintiff and their children; that plaintiff did not locate defendant until immediately prior to the service of process; defendant has failed to provide support for plaintiff -and the issue of the marriage since 1959; plaintiff has personally expended such sums and seeks recovery for necessaries. No agreement was entered into between the parties for support of plaintiff and the children, nor is there any allegation that an order has been made in this court or the Family Court establishing support payments. For the purposes of this motion every favorable inference is accorded plaintiff’s pleading.
The defendant urges that he has transacted no business in this State and that jurisdiction cannot be acquired pursuant to CPLR 302 (subd. [a], par. 1). The provisions of that section have been held applicable to actions where a money judgment is sought for support (Kochenthal v. Kochenthal, 28 A D 2d 117; Van Wagenberg v. Van Wagenberg, 241 Md. 154). The basis for jurisdiction in those cases was the execution of a separation agreement in New York between the parties as constituting “ transacting business ” in this State.
No such agreement is alleged to have been made in the instant action. However, plaintiff seeks recovery upon an implied promise to pay for necessaries (Van Valkinburgh v. Watson, 13 Johns. 480; De Brauwere v. De Brauwere, 203 N. Y. 460; Manufacturers Trust Co. v. Gray, 278 N. Y. 380). Plain *342 tiff argues that she resided here when the implied promise was made and that this constitutes a sufficient “ transaction ” to provide jurisdiction, since the defendant was required to perform the promise in this State (Laumeier v. Laumeier, 237 N. Y. 357).
That the courts have abandoned formerly rigid tests of jurisdiction, and have now adopted the more flexible formula of minimal contacts within the State, to support judgments in personam against nonresident defendants, can no longer be questioned. The excellent analysis of legislative intent in dealing with the long-arm statute, contained in the Singer case (Singer v. Walker, 21 A D 2d 285), affirms the principle that the transaction of any business in this State when the nonresident defendant has engaged in some purposeful activity in the State in connection with the matter in suit, is sufficient. Thus, the courts have found little difficulty in viewing a separation agreement as a “ business transaction ’ ’, involving as it does negotiations concerning money payments, escrow funds, division of property, and preparations of contract by legal draftsmen (Kochenthal v. Kochenthal, supra; Van Wagenberg v. Van Wagenberg, supra; Spitz v. Spitz, 31 Mass. App. Dec. 124).
It is the contention of the plaintiff that the implied obligation of the husband to provide. necessaries for his family constituted his wife an agent to make purchases on the husband’s behalf, so that each purchase became a “ transaction ” of the husband. The difficulty with this reasoning is that the husband has not committed a purposeful act within this State which could charge him with participation in any transaction within the State. To hold otherwise, would subject a married man who once resided in New York State with his family, to a permanent in personam jurisdiction no matter where he presently lived. “ The draftsmen of section 302 pointedly announced that their purpose was to confer on the court ‘ personal jurisdiction over a non-domiciliary whose act in this state gives rise to a cause of action ’ ” (Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443, 460).
Nor can plaintiff find solace in that subdivision of CPLB 302 (subd. [a], par. 2) which deals with a tortious act within the State. While the Illinois case of Poindexter v. Willis (87 Ill. App. 2d 213) held that the failure of the father to support an illegitimate child constituted a tortious act within the meaning of the statute, so as to subject him to jurisdiction, our courts have shown a tendency to read this provision of the statute (CPLR 302, subd. [a], par. 2) strictly. In Feathers v. McLucas (15 N Y 2d 443, 460) the court said: “ The mere occurrence of *343 the injury in this State certainly cannot serve to transmute an out-of-state tortious act into one committed here, within the sense of the statutory wording ’ ’. The more important consideration is “ whether an injury was inflicted in this state by one whose contacts within the state are sufficient to make it reasonable to assert personal jurisdiction over him.” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 302, commentary in [1968-1969] pocket part, p. 127.) Clearly, the failure to carry out his marital obligations of support and maintenance by a nonresident husband, did riot constitute tortious conduct within the meaning of CPLR 302 (subd. [a], par. 2).
No jurisdiction has been acquired over defendant, and the complaint must be dismissed.