**Vivian GOLDENHERSH,**
**Petitioner-Appellant,**

v.

**Michael FEBREY, Respondent-Appellee.**

No. 84CA0218.

Colorado Court of Appeals,
Div. II.

Nov. 14, 1985.

Glicksman, Woodrow and Shaner, Michelle B. Teitelbaum, Daniel L. Woodrow, Denver, for petitioner-appellant.

Michael Febrey, pro se.

SMITH, Judge.

Petitioner, Vivian Goldenhersh, appeals an order of the district court dismissing her claims against Michael Febrey, the nonresident respondent, for child support and attorney fees arising from a foreign divorce decree. Petitioner claims the trial court erred in granting respondent's motion to dismiss for lack of personal jurisdiction. We affirm.

Respondent obtained a decree of divorce from petitioner in Alexandria, Virginia, on April 15, 1979. The Virginia court divided custody of the parties' two children, ap-

proved and ratified their property settlement agreement, and provided that respondent pay petitioner $280 per month as child support for the one child in her custody. In their settlement agreement, the parties stipulated that respondent's child support payments would increase yearly to compensate petitioner for cost of living increases.

After obtaining their decree of divorce, the parties relocated: Petitioner moved to Colorado, respondent to Maryland. Petitioner filed her verified petition in Colorado. She sought a new child support order, modification of visitation rights, and attorney fees. She had respondent personally served in Bethesda, Maryland, under authority of the Colorado long-arm statute, § 13–1–124(1)(b), C.R.S. That statute gives courts of this state jurisdiction over nonresidents for any cause of action arising, *inter alia*, from "the commission of a tortious act within this state...."

Petitioner did not bring this action under the provisions of the Revised Uniform Reciprocal Enforcement of Support Act, § 14–5–101, et seq., C.R.S., rather she attempted to substantiate the imposition of jurisdiction over respondent under § 13–1–124(1)(b), C.R.S., the long-arm statute. She accordingly alleged that respondent had committed a tortious act in Colorado by failing to pay her the cost of living increases provided by the parties' stipulation and by advising her that he intended to stop paying child support. The district court dismissed petitioner's claims seeking orders for child support and attorney fees; it however retained subject matter jurisdiction over respondent's right to visit the child in petitioner's custody in Colorado.

Petitioner claims the district court erred in dismissing her claims. She argues that respondent's failure to increase his child support payments according to terms of the parties' agreement constitutes a tortious act, under § 13–1–124(1)(b), C.R.S., having consequences in Colorado.

We note that at least one case, *Inkelas v. Inkelas*, 58 Misc.2d 340, 295 N.Y.S.2d 350 (1968) holds that a non-resident husband's failure to fulfill support obligations is not a tort under the long-arm statute of New York. However, we do not reach that issue here because, under the fundamental fairness requirements of the due process clause contained in the Fourteenth Amendment the respondent has done nothing to establish even minimum contacts with the State of Colorado. Even if his conduct is tortious, Colorado is prohibited from exercising extra-territorial, in personam, jurisdiction over him. Petitioner cannot, by electing to move to another state, confer in personam jurisdiction over respondent upon that state merely by asserting that his alleged tort has, or will have, consequences there.

Any exercise of in personam jurisdiction over a nonresident respondent is ultimately limited by the due process clause of the Fourteenth Amendment. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Trans-Continent Refrigerator Co. v. A Little Bit of Sweden, Inc.*, 658 P.2d 271 (Colo.App.1982). The respondent must accordingly have certain minimum contacts with the forum state so that it does not offend traditional notions of fair play and substantial justice to maintain the suit. *International Shoe Co. v. Washington, supra.*

A respondent may establish minimum contacts with the forum state where, by some act, tortious or otherwise, he purposely avails himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its law. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Nonetheless, those activities or their consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant sufficiently fair and reasonable to require him to conduct his defenses there. *Van Schaack & Co. v. District Court*, 189 Colo. 145, 538 P.2d 425 (1975). This test seeks to balance the burden on the respondent against the forum state's interest in adjudicating the dispute, the petitioner's interest in obtaining convenient and effective relief, and the interstate judi-

cial system's interest in obtaining the most efficient resolution of controversies. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Trans-Continent Refrigerator Co. v. A Little Bit of Sweden, Inc., supra.*

In *Kulko v. California Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the United States Supreme Court held that a father's single act of sending one of the couple's children to live with its mother in California was insufficient to cause a reasonable parent to believe he would be required to litigate a child-support case some 3,000 miles away from his home. The court held that California's substantial interests in facilitating child support actions on behalf of resident children were insufficient to make it a fair forum in which to require the father either to defend a child-support suit or to suffer liability by default. He derived no personal or commercial benefit from his child's presence in California, and he lacked any other relevant contacts.

As was the case in *Kulko, supra,* petitioner is here attempting to modify a foreign divorce decree to increase support payments. Respondent and petitioner neither executed their separation agreement in Colorado nor obtained their divorce decree here. Respondent likewise derives neither personal nor commercial benefit from his child's presence in Colorado. In addition, he lacks any minimum contacts with this state. In fact, respondent has fewer contacts with Colorado than did the father in *Kulko, supra,* with California. Respondent here did not send his child to Colorado to live with her mother; instead, petitioner moved to Colorado with the child apparently without consulting respondent.

We therefore conclude that it would be neither reasonable nor fair to require respondent to defend petitioner's action here—respondent should not be required to defend in any and all jurisdictions in which petitioner may choose to maintain her residence and, thus, bring her action. *See*

*Boyer v. Boyer,* 73 Ill.2d 331, 22 Ill.Dec. 747, 383 N.E.2d 223 (1978).

The judgment is affirmed.

KELLY and METZGER, JJ., concur.