Van PACE, Plaintiff–Appellant,

v.

D & D FULLER CATV CONSTRUCTION, INC., a North Carolina corporation, Leamon C. Pace, Sr., and Dixie Pace, Defendants–Appellees.

No. 85CA0906.

Colorado Court of Appeals, Div. I.

June 18, 1987.

Rehearing Denied Aug. 13, 1987.

Certiorari Granted (Pace) Jan. 25, 1988.

Fasing & Fasing, P.C., Gregory J. Fasing and Timothy L. Fasing, Denver, for plaintiff-appellant.

Thomas H. Melton and David P. Voerman, Denver, for defendants-appellees.

KELLY, Judge.

In this action for damages arising out of an alleged parental kidnapping, the plaintiff, Van Pace, appeals a judgment dismissing her claims against defendants, D & D Fuller CATV Construction, Inc., Leamon C. Pace, Sr., and Dixie Pace. Among other things, Van Pace contends that the trial court erred in dismissing the defendants on the ground that it was without personal jurisdiction under Colorado's long-arm statute. We reverse.

In 1976, the plaintiff married Leamon C. Pace, Jr., who is not a party to this action. Their son, Jerritt Pace, was born in November 1980, and, shortly afterward, Van Pace filed for dissolution of the marriage in the Jefferson County District Court. The trial court entered a temporary restraining order against the father on December 4, 1980, enjoining him from interfering in any way with either Van Pace or their son.

On March 4, 1982, while the dissolution action was still pending, Leamon Pace, Jr., allegedly broke into Van Pace's home and kidnapped Jerritt. Later that day the trial court granted Van Pace's motion for another temporary restraining order awarding her temporary custody of Jerritt, whose whereabouts were then unknown.

On June 4, 1982, the trial court issued a warrant for the father's arrest pursuant to § 18–3–304, C.R.S. (1986 Repl.Vol. 8B), for violating the temporary custody order. The record does not indicate whether the arrest warrant was ever executed. It is uncontested, however, that Leamon Pace, Jr., and Jerritt were staying in the elder Paces' home in North Carolina while the warrant was outstanding.

In July 1982, the trial court entered a dissolution decree granting permanent custody of Jerritt to Van Pace. A copy of the permanent order was mailed to the missing father in care of Leamon Pace, Sr., in North Carolina.

In October 1984, Van Pace filed this suit alleging outrageous conduct by the defendants in conspiring with Leamon Pace, Jr., to interfere with her parent-child relationship, thereby inflicting physical and emotional injuries, as well as economic loss and other damages. The defendants moved successfully for dismissal of the claim based on insufficient grounds for personal jurisdiction under § 13–1–124(1)(b), C.R.S., of Colorado's long-arm statute. The trial court allowed Van Pace to amend her complaint to allege additional grounds for jurisdiction, but nevertheless ruled that her amended complaint did not assert a proper jurisdictional basis.

Van Pace contends that the trial court erred in holding it was without personal jurisdiction over the defendants under Colorado's long-arm statute. She argues that her amended complaint alleged facts sufficient to establish a prima facie case connecting the defendants with a tort committed in Colorado. We agree.

Any non-residents who commit tortious acts within Colorado, either in person or by an agent, submit themselves to the jurisdiction of the state's courts pursuant to its long-arm statute. Section 13–1–124, C.R.S. The General Assembly's intent in enacting the long-arm statute is to provide a local forum for Colorado residents who suffer damage in Colorado "as a result of tortious acts of non-residents," and "to extend [state court] jurisdiction ... to the fullest extent permitted by the due process clause of the United States Constitution." *Waterval v. District Court*, 620 P.2d 5 (Colo. 1980), *cert. denied*, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981); *Vandermee v. District Court*, 164 Colo. 117, 433 P.2d 335 (1967).

■ A plaintiff must allege facts in the complaint sufficient to support an inference that the defendants engaged in conduct described in the long-arm statute as "tortious acts." *Shon v. District Court*, 199 Colo. 90, 605 P.2d 472 (1980). An event does not become a "tortious act" until it causes injury or damage within the forum regardless of where the event took place. *Vandermee v. District Court, supra.*

To obtain personal jurisdiction over non-resident tortfeasors based on a single tortious act, the plaintiff must allege contacts in the forum by the defendants which are of such magnitude that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court*, 620 P.2d 1040 (Colo.1980), *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In determining if defendants' contacts are sufficient to support long-arm jurisdiction, a court must consider the quality and nature of the defendants' activity in the forum, and whether "the defendant[s] by [their] conduct 'purposely avail[ed] [themselves] of the privilege of conducting activities within [this] state.'" *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court, supra, quoting Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

The determining factor in obtaining personal jurisdiction over a non-resident under the "tortious act" subsection of the long-arm statute is the site of the damage or injury. *Ferrari v. District Court*, 185 Colo. 136, 522 P.2d 105 (1974). *See* Restatement (Second) of Conflicts § 146

(1971). Purposeful or negligent conduct initiated in a foreign state which causes injury in Colorado constitutes tortious conduct within the meaning of the long-arm statute. *Texair Flyers v. District Court,* 180 Colo. 432, 506 P.2d 367 (1973); *Vandermee v. District Court, supra.* Thus, jurisdiction over a non-resident defendant may be supported by the commission of a single tort that causes damage within the forum. *Texair Flyers v. District Court, supra; see Waterval v. District Court, supra.*

In *Waterval,* the supreme court established criteria, which, if met, will render defendants amenable to suit in Colorado: (1) whether the defendants purposely avail themselves of the privilege of "causing important consequences" in the forum; (2) whether the plaintiff's claim for relief arises from the defendants' conduct; and (3) whether the defendants' activities have substantial enough connection with the forum to make reasonable the exercise of long-arm jurisdiction.

Here, Van Pace alleged that the defendants knew a warrant existed for her ex-husband's arrest for violating the Colorado child custody order. It was also alleged that the defendants cooperated in concealing the whereabouts of Jerritt and his father from North Carolina law enforcement authorities and Van Pace's private investigator, that the defendants assisted the father in obtaining funds which enabled him to remain at large with their son, and that they communicated by mail with state agencies in Colorado in furtherance of a conspiracy to aid and abet the parental kidnapping.

It is conceded that most of the defendants' conduct alleged in the amended complaint took place in North Carolina. The defendants admit, however, that the *damages* from the acts, if proven, occurred within Colorado. *See Ferrari v. District Court, supra.* Thus, the quality and nature of the acts alleged tend to show that the defendants purposely engaged in conduct which "caused important consequences" in Colorado, and her claim for relief arose from that conduct. *Waterval v. District Court, supra.*

These facts support the inference that the defendants' activities have a substantial connection with Colorado. Thus, the trial court had jurisdiction over them under the long-arm statute. Section 13–1–124, C.R.S.; *Waterval v. District Court, supra; Shon v. District Court, supra.*

In view of the conclusion we have reached, it is unnecessary to consider the other issues on appeal.

The judgment is reversed and the cause is remanded with directions to reinstate the plaintiff's amended complaint.

PIERCE and METZGER, JJ., concur.