In re the MARRIAGE OF Olivia M. NESS, Appellee,

and

Patrick J. Ness, Appellant.

No. 86CA1384.

Colorado Court of Appeals, Div. II.

July 7, 1988.

William G. Arries, Greeley, for appellee.

McGuane & Malone, Frank L. McGuane, Jr., Denver, for appellant.

SMITH, Judge.

In this case, the appellant (husband) contends that the district court lacked personal jurisdiction sufficient to find him in contempt. We agree and reverse.

The marriage of husband and wife was dissolved in Nebraska, and he was ordered to pay $750 a month alimony. Wife subsequently moved to Colorado and husband moved to Connecticut. After some time, husband ceased to pay alimony. Wife docketed exemplified copies of the pleadings, orders, judgments, and decrees entered by the Nebraska court in the Colorado district court pursuant to § 14–11–101, C.R.S. (1987 Repl.Vol. 6A). She contemporaneously filed a motion in the Colorado court for a contempt citation against husband, based on his failure to pay alimony, and had him personally served with the citation in Connecticut.

After a hearing at which husband specially appeared by counsel, for the purpose of contesting jurisdiction, the court found that it had personal jurisdiction over husband, and that he was in contempt. The court then proceeded to enter remedial and punitive orders. Husband contends that the Colorado courts did not have personal jurisdiction over him. We agree.

Here, the statute conferring subject matter jurisdiction is § 14–11–101(1), C.R.S. (1987 Repl.Vol. 6B). It provides:

"Upon the docketing in a court of competent jurisdiction in this state of exemplified copies of all the written pleadings and court orders, judgments, and decrees in a case of divorce ... entered in any court of competent jurisdiction in any other state ... having reciprocal provisions for a like enforcement of orders, judgments, or decrees entered in the state of Colorado and upon obtaining jurisdiction by personal service of process as provided by the Colorado rules of civil procedure, said court in this state shall have jurisdiction over the subject matter and of the person in like manner as if the original suit or action had been commenced in this state."

Service of process to obtain personal jurisdiction under the rules of civil procedure, however, depends upon the applicability of the "Long Arm Statute. Section 13–1–124(1), C.R.S. (1987 Repl.Vol. 6A), the so called "long-arm statute," was adopted by the General Assembly to extend the personal jurisdiction of Colorado's courts to their maximum limits permissible under the United States and Colorado Constitutions. *Scheuer v. District Court*, 684 P.2d 249 (Colo.1984); *Waterval v. District Court*, 620 P.2d 5 (Colo.1980), *cert. denied*, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). However, the long-arm statute does not operate to confer personal jurisdiction here since defendant did not engage in any of the acts enumerated therein. *See Goldenhersh v. Febrey*, 711 P.2d 717 (Colo.App.1985). *But see Pace v. D & D Fuller CATV Construction, Inc.*, 748 P.2d 1314 (Colo.App.1987) (*cert. granted*, January 25, 1988). Even where a prima facie showing of threshold jurisdiction is established, constitutional due process standards must still be satisfied. *Von Palffy–Erdoed v. Bugescu*, 708 P.2d 816 (Colo.App.1985).

The "minimum contacts" requirement is the litmus test of the federal constitutional due process guarantees, and is designed to ensure that a proper balance is maintained between the need to protect defendants from being forced to litigate in inconvenient forums and the need to accord independent state sovereigns their full constitutional authority to protect the interests of their citizens. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Scheuer v. District Court, supra*. Whether sufficient contacts exist to support jurisdiction over a non-resident defendant depends on the quality and nature of that defendant's activity in the fo-

rum state, with primary importance attaching to the issue of whether defendant by his conduct "purposely avails [himself] of the privilege of conducting activities" in such forum state, in this case, Colorado. *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court*, 620 P.2d 1040 (Colo.1980), quoting *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Generally speaking, if a defendant has substantial continuous contacts with the forum state, exercise of "in personam" jurisdiction in causes of action wholly unrelated to the defendant's activity in the forum state may comport with due process, while the more tenuous the connection between the cause of action sued upon and the defendant's activities, the more substantial the defendant's contacts with the forum state must be to render the assertion of jurisdiction reasonable. *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court, supra.* However, the unilateral activity of those who claim some legal right against a nonresident defendant cannot satisfy the requirement of contact with the forum state. *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Hanson v. Denckla, supra; Le Manufacture Francaise Des Pneumatiques Michelin v. District Court, supra.*

Here, § 14–11–101, C.R.S. (1987 Repl.Vol. 6A) confers subject matter jurisdiction with respect to the issue of enforcement of the foreign orders of Nebraska for support. However, in personam jurisdiction can be exercised by the state of Colorado only if defendant has "minimum contacts" with the state. In *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the Supreme Court rejected the proposition that a father's acquiescence in his child's desire to live with her mother conferred jurisdiction over him in the state of California where mother resided. A father who agrees, in the interest of family harmony and his children's preferences, to allow them to spend more time in the state where their mother resides cannot be said to have "purposely availed himself" of the benefits and protections of that state's laws. *Kulko v. Superior Court of California, supra.*

In *Kulko*, the court concluded that basic considerations of fairness point decisively in favor of defendant's state of domicile as the proper forum for adjudication of the case, whatever the merits of plaintiff's underlying claim. Here, husband has fewer contacts with Colorado than did the father in *Kulko v. Superior Court of California, supra.* Although neither party has remained in the state of the marital domicile, nevertheless a delicate balancing of the interests of both wife and husband militates in favor of such an action being brought in the state where husband resides. Husband has no contacts whatsoever with the state of Colorado other than the fact that his former wife and child currently reside here. It would be neither reasonable nor fair to require husband to defend wife's action here, or in any and all jurisdictions where wife might choose to maintain her residence and, thus, bring her action. *Goldenhersh v. Febrey, supra.* Thus, we conclude that husband has insufficient contact to satisfy the "minimum contacts" requirement of federal constitutional due process guarantees.

Accordingly, the order of the trial court is reversed and this matter is remanded to the district court with directions that this action be dismissed for lack of personal jurisdiction over defendant.

VAN CISE and NEY, JJ., concur.