In re the MARRIAGE OF Susan
A. MALWITZ, Appellee,

and

Reginald D. Parr, Appellant,

and

Concerning Pueblo County Child Support Enforcement Unit, Appellee.

No. 02CA0056.

Colorado Court of Appeals,
Div. A.

May 8, 2003.

Certiorari Granted Jan. 12, 2004.

Colorado Legal Services, Lynn Magalska, Pueblo, Colorado, for Appellee Susan A. Malwitz.

Greg Quimby, Colorado Springs, Colorado, for Appellant.

G.F. Sandstrom, Pueblo County Attorney, Patricia J. Rosales–Chavez, Assistant Pueblo County Attorney, Pueblo, Colorado, for Appellee Pueblo County Child Support Enforcement Unit.

Opinion by Judge PLANK.*

Reginald D. Parr (father) appeals from a judgment establishing his child support obligation. He argues that the trial court abused its discretion in determining that it could exercise extended personal jurisdiction over him pursuant to § 14–5–201(5), C.R.S. 2002, of the Uniform Interstate Family Support Act (UIFSA), when the court did not make a finding that he had "minimal contacts" with this state. We agree and therefore reverse the judgment.

The child was conceived in Texas while father was married at common law to Susan A. Malwitz (mother). Mother, while pregnant, moved to Colorado after father allegedly threatened her with acts of domestic violence.

In this Colorado dissolution proceeding, father was served personally in Texas and

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

appeared only to contest the exercise of personal jurisdiction. After a hearing, the trial court concluded that it had personal jurisdiction over father under § 14–5–201(5) because his acts of violence forced mother from Texas.

Initially, we note that there is no question that Colorado has jurisdiction to enter the decree of dissolution based solely upon mother's domicile in this state. *See Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); *Koscove v. Koscove,* 113 Colo. 317, 156 P.2d 696 (1945). Child support was ordered based upon the finding that Colorado had personal jurisdiction over father under the UIFSA.

> Section 14–5–201(5) provides that:
>
> In a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual ... if: ... The child resides in this state as a result of the acts or directives of the individual....

This section of UIFSA was adopted in 1995 to extend long-arm jurisdiction as far as constitutionally permissible, but without establishing "child-state jurisdiction" under which the duty of support and the location of the child, alone, would provide the jurisdictional nexus for a support order. *In re Marriage of Zinke,* 967 P.2d 210 (Colo.App. 1998).

■ An assertion of personal jurisdiction over a foreign defendant must satisfy the requirements of both the Colorado long-arm statute and due process of law. *D & D Fuller CATV Constr., Inc. v. Pace,* 780 P.2d 520 (Colo.1989).

■ The "minimum contacts" requirement is the litmus test of federal constitutional due process guarantees and requires consideration of the quality and nature of the defendant's activity in the forum state. *In re Marriage of Ness,* 759 P.2d 844 (Colo.App.1988)(failure to include child support payments according to agreement did not constitute a tortious act under long-arm statute). Minimum contacts may be established with the forum state when, by some act, tortious or otherwise, a defendant pur-

posely avails himself or herself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its law. *Goldenhersh v. Febrey,* 711 P.2d 717 (Colo.App.1985). Each case must be examined to determine whether there are sufficient minimum contacts to justify the exercise of personal jurisdiction over the defendant. *D & D Fuller CATV Constr., Inc. v. Pace, supra.*

Such minimum contacts were found in *Franklin v. Commonwealth,* 27 Va.App. 136, 497 S.E.2d 881 (1998). There, the husband ordered the wife and their children from their home in Africa after several physical altercations. The wife and the children returned to the United States and established a permanent home in Virginia, where the parties previously had lived. The Virginia court determined that the UIFSA section equivalent to § 14–5–201(5) granted it personal jurisdiction over the husband, even though he continued to reside in Africa, based upon his act of ordering the wife and their children from their home.

Additionally, the court in *Franklin* rejected as overly restrictive the husband's argument that personal jurisdiction could be exercised only if he had directed the wife to move specifically to Virginia. It concluded that the husband's acts, together with his requests for affirmative relief from the Virginia court, satisfied the minimum contacts required by *Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

However, *Franklin* is distinguishable from the facts of this case because, there, both parties were domiciled in Virginia before they relocated to Africa. Furthermore, the minimum contacts test was satisfied there by the husband's acts that resulted in the children's residence in Virginia combined with his requests for affirmative relief from the court.

■ Here, the trial court found that father perpetrated domestic violence against mother based upon mother's uncontroverted testimony. The trial court further found that father was aware that most of mother's family ties were in Colorado and that it was foreseeable that Colorado would be a likely place for

her to go with the minor child to escape domestic violence.

 However, these findings were not sufficient to establish the minimum contacts required under *Kulko* to comply with due process guarantees. The Supreme Court in *Kulko* held that the husband's acquiescence in his daughter's desire to live with her mother in another state and visiting the daughter after the move was not enough to confer jurisdiction in the other state. Foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause. *Fleet Leasing, Inc. v. District Court*, 649 P.2d 1074 (Colo.1982).

Even if father's actions in Texas were tortious, they occurred before mother's move. Father's actions in Texas could not have been expressly aimed at mother in Colorado such that he reasonably could have anticipated being subject to litigation in court here. *See Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *Kulko v. Superior Court, supra.*

 It was mother's burden to establish a prima facie showing of threshold jurisdiction. *See Fleet Leasing, Inc. v. District Court, supra.* Because she failed to do so, the support action should have been dismissed.

Thus, we conclude that the trial court erred in exercising extended personal jurisdiction over father.

We also conclude that this case is distinguishable from *In re the Parental Responsibilities of H.Z.G.*, 77 P.3d 848 (Colo.App. No. 02CA0227, May 8, 2003). There, a division of this court held that the trial court properly exercised personal jurisdiction over a father pursuant to Colorado's long-arm statute that provides that a person submits to the jurisdiction of the courts of this state concerning any cause of action arising from "[t]he transaction of any business within this state." Section 13–1–124(1)(a), C.R.S.2002.

In *HZG, supra*, the trial court found that father had engaged in the transaction of business here and that the purposeful availment requirements had been met. The trial court relied on father's sending mother the letter for the purpose of assisting her in applying for public assistance benefits for the

child. A division of this court affirmed, concluding that father transacted business in Colorado by sending the letter to help mother obtain public assistance in Colorado on behalf of the child, for whose support he is in part responsible.

Here, in contrast, mother did not bring her petition under the long-arm statute that provides for personal jurisdiction upon a nonresident based on the transaction of any business within the state. Nor did the mother in *H.Z.G., supra*, allege a tortious act or assert jurisdiction under § 14–5–201(5) as in this case. We conclude, here, that the trial court's findings were not sufficient to establish that father had the minimum contacts required under *Kulko* to comply with due process.

Finally, we need not construe § 14–5–201(5) because of our determination that minimum contacts required for jurisdiction were not present.

The judgment is reversed.

TAUBMAN and KIRSHBAUM *, JJ., concur.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2002.